1

2

3

4                         UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    CRAIG OLIVER COOPER,                    Case No.  14-cv-03911-WHO

            Plaintiff,
8
                                             **ORDER ON CROSS-MOTIONS FOR**
9         v.                                 **SUMMARY JUDGMENT**

10   CAROLYN W. COLVIN,                       Re: Dkt. Nos. 21, 27

            Defendant.
11

12          An Administrative Law Judge ("ALJ") denied disability benefits to plaintiff Craig Oliver

13   Cooper after finding that the opinion of his treating physician was entitled to "little weight."  The

14   Appeals Council denied plaintiff's request for review.  Plaintiff now asks that I reverse the ALJ's

15   finding and order an immediate award of benefits or alternatively remand for further proceedings

16   because the ALJ erred in assigning "little weight" to the opinion of plaintiff's treating

17   psychologist.

18          I do not find any error.  The ALJ properly weighed the credibility of the treating

19   psychologist's opinion and provided specific, legitimate reasons for rejecting it.  Accordingly, I

20   GRANT defendant's cross-motion for summary judgment and DENY plaintiff's cross-motion.

21                                      **BACKGROUND**

22          Plaintiff applied for supplemental security income in August 2011.  *See* AR 151-160.  He

23   claims that he became disabled in July 1998, and that he is unable to work due to an injured disc,

24   brain injury, ringing in the ears, and hepatitis C.  *Id.* at 94.  The agency denied his claim both

25   initially and upon reconsideration.  *Id.* at 94-98, 105-10.

26          On March 22, 2013, after holding a hearing, the ALJ likewise denied plaintiff's request for

27   benefits.  *Id.* at 16-29.  After reviewing the record, the ALJ determined that plaintiff had a residual

28   functional capacity ("RFC") to perform "medium work" that is "limited to simple, routine,

United States District Court
Northern District of California

repetitive tasks" with no public interaction and only "superficial contact with co-workers and supervisors." *Id.* at 23.  Though the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," she was ultimately unconvinced by plaintiff's statements regarding the "intensity, persistence, and limiting effects" of those symptoms. *Id.* at 24.  The ALJ concluded that plaintiff was able to perform work "that exists in significant numbers in the national economy." *Id.* at 28.

The ALJ's RFC determination relied on evidence showing that plaintiff could still "sleep, attend to his personal care, manage his medications, prepare simple meals, perform house and yard work, go out alone, shop, manage his finances, shoot pool, occasionally fish, engage in regular social activities, and handle stress or changes in his routine." *Id.* at 24.  The ALJ accordingly found that plaintiff's alleged inability to work was "not entirely credible" due to "significant inconsistencies" between his claimed limitations and the evidence in the record, including plaintiff's own testimony. *Id.*  The ALJ noted plaintiff's regular engagement in the above-listed activities.  She also highlighted his reported improvement through counseling, maintaining a healthy lifestyle, and medication. *Id.* at 24-25.

Against this evidentiary backdrop, the ALJ assessed the credibility of several medical professionals, including Dr. Shirley Peeke, plaintiff's treating psychologist. *Id.* at 26-27.  Dr. Peeke did not testify at the hearing.  In an RFC questionnaire and a separate written report, Dr. Peeke opined that plaintiff would have difficulty working at a regular job on a sustained basis because his condition would cause behavioral and performance-related issues with his coworkers, supervisors, and the public. *See* AR 406-409, 422-427.  Dr. Peeke's opinion was based on weekly therapy sessions conducted from October 11, 2011 to April 3, 2012. *Id.* at 406.  The ALJ gave Dr. Peeke's opinion "little weight," finding the psychologist's assessment to be "overall inconsistent" with the record, including other medical opinions, subsequent observations of other providers, and plaintiff's more recent testimony evidencing improvement in his condition. *Id.* at 27.

The Appeals Council denied plaintiff's request for review in July 2014. *Id.* at 1-3. Plaintiff moves for summary judgment, arguing that the ALJ's non-disability determination is not supported by substantial evidence because she erroneously rejected Dr. Peeke's opinion.  Pltf.

United States District Court
Northern District of California

2

1   MSJ [Dkt. No. 21].  The government also moves for summary judgment and maintains that the

2   ALJ properly weighed Dr. Peeke's opinion and provided legitimate, substantially supported

3   reasons for that determination.  Def. MSJ [Dkt. No. 27].

**LEGAL STANDARD**

4

**I.      SUMMARY JUDGMENT**

5

6            Summary judgment is proper "if the movant shows that there is no genuine dispute as to

7   any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

8   To prevail, the moving party must demonstrate the absence of a genuine issue of material fact

9   either (i) with respect to an essential element of the non-moving party's claim or (ii) as to one of

10  the non-moving party's defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Upon a

11  successful showing, the burden shifts to the non-moving party, who must identify "specific facts

12  showing there is a genuine issue for trial." *Id.*  The non-moving party must also present actual

13  evidence that might reasonably persuade a jury to find in its favor.  *Anderson v. Liberty Lobby*,

14  477 U.S. 242, 257 (1986).

**II.     STANDARD OF REVIEW**

15

16           42 U.S.C. § 405(g) vests district courts with jurisdiction to review ALJ decisions.  That

17  determination must be upheld unless the decision is (i) "not supported by substantial evidence in

18  the record," or (ii) "based on legal error."  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

19  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

20  support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  It must be "more

21  than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1

22  (9th Cir. 2005).  But "the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533

23  F.3d 1035, 1039 (9th Cir. 2008).  The district court must consider the record as a whole: isolating

24  "a specific quantum of supporting evidence" is not enough. *Tackett v. Apfel*, 180 F.3d 1094, 1098

25  (9th Cir. 1999).  Nevertheless, "[w]here evidence is susceptible to more than one rational

26  interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679.

**DISCUSSION**

27

28           A claimant is considered "disabled" under the Social Security Act ("SSA") if:  (i) "he is

*United States District Court*
*Northern District of California*

3

United States District Court
Northern District of California

1  unable to engage in any substantial gainful activity by reason of any medically determinable

2  physical or mental impairment which can be expected to result in death or which has lasted or can

3  be expected to last for a continuous period of not less than twelve months," and (ii) that

4  impairment is "of such severity that he is not only unable to do his previous work but cannot,

5  considering his age, education, and work experience, engage in any other kind of substantial

6  gainful work which exists in the national economy." 42 U.S.C. §§ 1382c(a)(3)(A)-(B); *Hill v.*

7  *Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012).

8       The ALJ performs a five-step analysis pursuant to 20 C.F.R. §404.1520(a)(4)(i)-(v) to

9  make this determination.  *See Tacket*, 180 F.3d at 1098.  Here, the ALJ found that plaintiff has not

10  engaged in substantial gainful activity since August 15, 2011 (step 1) and suffers from a history of

11  degenerative disc disease and a traumatic brain injury (step 2), but that those conditions do not

12  automatically qualify plaintiff as disabled under the SSA (step 3).  AR 21-23.  The ALJ then found

13  that plaintiff's RFC was limited to medium work (step 4) —"simple, routine, repetitive tasks" in

14  non-public settings with "limited to superficial contact with coworkers and supervisors"—and that

15  such work was available in "significant numbers in the national economy" (step 5).  *Id.* at 23-29.

16       The parties do not dispute the merits of the ALJ's findings as to steps one, two, three, or

17  five.  The sole issue is whether the ALJ erred by granting "little weight" to Dr. Peeke's opinion in

18  conducting her RFC assessment.  Plaintiff does not challenge other evidentiary findings, including

19  weight assigned to other medical opinions, vocational expert testimony, or plaintiff's testimony.

20  **I.     CREDIBILITY DETERMINATIONS FOR TREATING PHYSICIANS**

21       "A treating physician's opinion is entitled to 'substantial weight.'"  *Bray v. Comm'r of*

22  *Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  That said, "[t]he ALJ may disregard the

23  treating physician's opinion whether or not that opinion is contradicted."  *Batson v. Comm'r of*

24  *Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  In fact, a treating physician's opinion is

25  only given controlling weight if it "is well-supported by medically acceptable clinical and

26  laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the]

27  case record."  20 C.F.R. § 404.1527(c)(2).  And even then, "the opinion of the treating physician is

28  not necessarily conclusive as to either the physical condition or the ultimate issue of disability."

1    *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (internal quotation marks omitted).

2       An ALJ need not accept a treating physician's opinion if it is "conclusory, brief, and

3    unsupported by the record as a whole." *Batson*, 359 F.3d at 1195 (9th Cir. 2004). "[I]f the

4    treating physician's opinion is contradicted by the opinion of an examining physician, the ALJ

5    may reject the opinion of a treating physician by setting forth specific, legitimate reasons for doing

6    so that are based on substantial evidence in the record." *Hann v. Colvin*, No. 12-cv-06234-JCS,

7    2014 WL 1382063, at *19 (N.D. Cal. 2014) (internal quotation marks omitted). Resolving witness

8    credibility, testimonial conflicts, and other ambiguities in the record are roles left to the ALJ.

9    *King v. Colvin*, No. 14-cv-02322-JSC, 2015 WL 1870755, at *11 (N.D. Cal. Apr. 23, 2015).

10    **II.      THE ALJ PROPERLY ANALYZED DR. PEEKE'S OPINION**

11       Plaintiff argues that the ALJ assigned Dr. Peeke's opinion "little weight" without giving

12    legitimate reasons for that decision. Mot. at 8. To support his position, plaintiff points to the

13    ALJ's rejection of Dr. Peeke's opinion while affording "great weight" to the opinion of Dr. Neil

14    B. Steinberg, with whom plaintiff had undergone cognitive function testing. *Id.* Plaintiff suggests

15    that accepting one opinion but not the other was erroneous because both opinions considered the

16    same test results. Plaintiff also claims that the ALJ inserted her own interpretation of the medical

17    data by rejecting Dr. Peeke's opinion. These arguments are not supported by the record.

18       First, the test results comprised just one component of Dr. Steinberg's opinion. *See* AR at

19    26, 469-72. Before opining that plaintiff suffered "moderate cognitive impairment," Dr. Steinberg

20    also considered plaintiff's social and medical history, as well as his own observations of plaintiff.

21    *See id.* Second, the fact that both doctors considered some of the same information does not

22    entitle both opinions to identical evidentiary weight. If that were so, ALJs would often have no

23    meaningful way of assessing the credibility of conflicting medical opinions.

24       Finally, while it is true that an ALJ "cannot arbitrarily substitute [her] own judgment for

25    competent medical opinion," *Lang v. Colvin*, No. 10-cv-03507-JCS, 2014 WL 4827880, at *16

26    (N.D. Cal. 2014), there is no evidence to suggest that the ALJ did so here. The ALJ provided

27    specific reasons for granting Dr. Peeke's opinion "little weight." She noted the inconsistency

28    between Dr. Peeke's opinion and other evidence showing that medication and counseling had

United States District Court  
Northern District of California

United States District Court
Northern District of California

1    improved plaintiff's psychological state.  AR 27.  She also underscored the inconsistency of Dr.

2    Peeke's proposed limitations with the types of activities in which plaintiff was regularly engaged

3    in his daily life.  *Id.*

4         The ALJ's findings are supported by the record.  Dr. Peeke's opinion was inconsistent with

5    subsequently reported improvement in plaintiff's emotional and functional capacities.  This

6    progress was observed by other providers and counselors, *see, e.g.*, AR 457-467, and reported by

7    plaintiff himself at the hearing, *see* AR 173-180.  Even assuming Dr. Peeke's diagnosis and

8    prognosis were reliable at the time they were given, more recent evaluations of plaintiff's mental

9    health call into question their continued relevance.  In the months following plaintiff's last

10   reported session with Dr. Peeke on April 3, 2012, reports describe plaintiff as "doing well

11   psychiatrically," showing "mild improvement," being "less anxious and irritable," and "doing

12   better."  AR 457-67.  Plaintiff's testimony supports these findings—he cares for his medically

13   ailing mother, regularly cooks, cleans, and does other chores around the house, and does the

14   grocery shopping.  AR 52-54.

15        Ordering that Dr. Peeke's opinion be given controlling weight despite these substantial

16   evidentiary conflicts would be at odds with SSA regulations and controlling case law.  *See* 20

17   C.F.R. § 404.1527(a)(1); *Edlund v. Massanari*, 253 F.3d 1152, 1157-58 (9th Cir. 2001) (finding

18   ALJ's concerns about patient exaggeration of symptoms sufficiently "specific and legitimate" to

19   warrant rejection of treating physician's otherwise unsupported opinion); *see also Baylis v. Astrue*,

20   No. C-08-03646 SC, 2009 WL 1816961, at *6 (N.D. Cal. 2009) (affirming rejection of treating

21   physician's opinion due, in part, to inconsistency with other substantial evidence in the record).

22        The opinions of other experts provide further support for the ALJ's decision.  After

23   reviewing the evidence in the record, Dr. Herbert Ochtill opined that plaintiff was "able to sustain

24   adequate performance in a work setting without public contact requiring completion of simple

25   instructions."  AR 88-89.  Finding strong support in the record, the ALJ gave that opinion "great

26   weight."  *Id.* at 26.

27        Dr. L. Gottschalk also reviewed the evidence and concluded that plaintiff's condition was

28   "non-severe" and did not limit plaintiff's ability to perform basic job functions.  *Id.* at 73-74.  The

6

1   ALJ assigned this opinion "partial weight," citing evidence of the limiting effects of plaintiff's

2   back injury.  *Id.* at 26.

3       Lastly, Dr. Deborah von Bolschwing performed a psychological evaluation of plaintiff and

4   opined that he could "understand, remember, and carry out simple, detailed, and complex

5   instructions without difficulty" and adequately interact with the coworkers, supervisors, and the

6   public.  *Id.* at 361.  Citing evidence of plaintiff's psychological limitations, including memory

7   function, intellectual capacity, and interpersonal engagement, the ALJ assigned the opinion "little

8   weight."  *Id.* at 26.

9       While these opinions clearly conflict with each other in certain respects, all contradict the

10   proposed limitations of Dr. Peeke's opinion.  It is not my place to resolve these conflicts.  It is

11   enough that the contradictory evidence, including the opinion of Dr. Steinberg, subsequent reports

12   on plaintiff's psychological treatment and counseling, and even plaintiff's own testimony,

13   constitutes substantial evidence.  I find that the ALJ properly exercised her discretion in rejecting

14   Dr. Peeke's opinion while assessing plaintiff's residual functional capacity and affirm the ALJ's

15   final determination.  *See Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one

16   rational interpretation, it is the ALJ's conclusion that must be upheld.").

17                      **CONCLUSION**

18       For the reasons stated above, plaintiff's motion for summary judgment is DENIED, and

19   defendant's motion is GRANTED.

20       **IT IS SO ORDERED**.

21   Dated: August 10, 2015

22

23   WILLIAM H. ORRICK
       United States District Judge

24

25

26

27

28

United States District Court
Northern District of California